

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN



ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Ernest Guinn
County Attorney
El Paso County
El Paso, Texas

Dear Sir:

Opinion No. 0-2739
Re: May the commissioners' court
set up a county welfare of-
fice as another office and
department and appropriate
funds for the maintenance
thereof?

Your recent request for an opinion of this department upon
the questions as are herein stated has been received.

"I have your letter of September 24, enclosing copy
of Opinion No. 0-2721, and stating that opinion request
No. 0-2739, assigned to my request of September 11, had
been withdrawn as Opinion No. 0-2721 answered the ques-
tions which I asked.

"I have read over the Opinion No. 0-2721, but do not
find that it answers specifically the question which I
wished answered. The Opinion No. 0-2721 states, as I un-
derstand it, that it is permissible to have a Juvenile
Board and a County Welfare Board. I would appreciate an
opinion from you directly advising me whether the County
can appropriate money specifically as set out in my re-
quest for an opinion. In other words, may the County set
up a County Welfare office as another office and depart-
ment, and appropriate funds for the maintenance thereof.
The question is not the creation of a County Welfare
Board, but the creation of another office of the County
to be referred to as the County Welfare Office, the ap-
pointment of a person to serve as a county employee, and
the appropriation of funds for the salary and expense of
such office. Therefore, before advising the Commission-
ers' Court that it may expend these funds, I would appre-
ciate a specific opinion from you as to whether or not
the County may appropriate funds for the creation of the
office of County Welfare officer, and the payment of the
salary and expenses of such office.

"In the request of Mrs. Greenhill, referred to in Opinion No. O-2721, she states:

"'We are in receipt of word from El Paso County that it is interested in establishing a County Child Welfare Unit and to participate with the State in undertaking such a program.'

"As stated in my letter of September 11, requesting an opinion, I advised the Commissioners' Court that they could not expend monies to pay the salary of state employees. If the proposed unit is to operate as a State office, and the County is to contribute, then I must request a further opinion from you as to the legality of this, since I have heretofore advised the Commissioners' Court that such payment could not be made.

"The request of Mrs. Greenhill does not meet the issue in this case. I would deeply appreciate your advising us fully regarding this financial contribution to which she refers. It has been my understanding heretofore, from your opinions, that before the County can expend any funds there must be an express grant of power, and further, where one means is provided for carrying out a purpose, there can be no implied power to utilize other means. I am extremely doubtful of the authority of the Commissioners' Court, as I have heretofore stated in my letter of September 11, and before advising them to make any expenditures, I would like to have your opinion thereof. Of course, I shall be guided by any ruling that you may make."

In connection with the above quoted letter, we quote from your first letter regarding the question now under consideration as follows:

"The State has heretofore maintained, in El Paso County, a district representative, operating under the Child Welfare Act (Article 695-c, R.C.S.) all of the salary of this worker having been paid from State and Federal funds. The State now demands that the County take over the operation of the office and contribute to the maintenance of the office, while the State will also contribute to the maintenance of the office. . . ."

Sections 4 and 5 of Article 695a, Vernon's Annotated Civil Statutes, reads as follows:

Section 4. "The Commissioners' Court of any county may appoint in said county seven persons, resident therein, who shall serve without compensation and hold office during the pleasure of the Commissioners' Court, who shall constitute a Child Welfare Board for the County, which Child Welfare Board

shall select its own chairman.  The Child Welfare Board shall perform such duties as may be required of it by the said Commissioners' Court and Board of Control in furtherance of the purposes of this Act.  The County Commissioners' Court of any county may remove any member of such County Welfare Board for just cause."

Section 5.  "The Board of Control, through said County Welfare Board, shall work in conjunction with the County Commissioners' Court, Juvenile Boards, and all other officers and agencies whose purpose is for the protection of the children described herein, and the Board of Control is hereby authorized to use and allot any funds, that may be specifically appropriated for such purposes, by the Legislature, that may be necessary in jointly establishing and maintaining, together Juvenile Board of other County or City Board or other agency, homes, schools, and institutions for the care, protection, education and training of the class of children sought to be protected by the provisions thereof."

Section 42 of Article 695c, Vernon's Annotated Civil Statutes, provides:

"County child welfare boards established or hereinafter appointed in conformity with Section 4, Acts of 1931, 42nd Legislature, page 323, Chapter 194, shall continue to function as provided therein."

Under Article 695c, Vernon's Annotated Civil Statutes, all the rights, powers, and duties of the division of Child Welfare of the State Board of Control were transferred to the State Department of Public Welfare.  It is therefore apparent that after all the rights, powers and duties of the Divisions of Child Welfare of the State Board of Control have been transferred to the State Department of Public Welfare, the State Department of Public Welfare is authorized by Section 5 of 695c, supra, to work in conjunction with the commissioners' courts, juvenile boards and all other offices and agencies whose purpose is for the protection of the children described.

Under the provisions of Section 4, Article 695c, supra, the members of a Child Welfare Board for a county are required to serve without compensation and hold their position during the pleasure of the commissioners' court.

We have been unable to find any statute that expressly or by implication authorizes a commissioners' court to create and establish the office above mentioned and appropriate and expend funds for the maintenance of such office.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

APPROVED OCT 24, 1940

ATTORNEY GENERAL OF TEXAS

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

By  /s/ Ardell Williams
Ardell Williams
Assistant

AW:BBB:LM

APPROVED
OPINION
COMMITTEE
BY /s/ BWB
CHAIRMAN